IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Carole Florance Prevost,**

    **Plaintiff,**

  v.                                                     **Civil Action 2:24-cv-3720**
                                                            **Judge Algenon L. Marbley**
                                                             **Magistrate Judge Kimberly A. Jolson**

**Central Ohio Transit Authority,**

    **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Carole Prevost, an Ohio resident who is proceeding *pro se*, brings this action against Defendant the Central Ohio Transit Authority. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) under 28 U.S.C. §1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the cost have been prepaid. 28 U.S.C. §1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED.**

**I.**     **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.,* No. 2:14- CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores,* 2014 WL 358460, at *2 (citing *Neitzke,* 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.,* 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action...." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although pro se complaints are to be construed liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

**II.     DISCUSSION**

Plaintiff's complaint is difficult to understand and at times illegible. She appears to be claiming that the Central Ohio Transit Authority ("COTA") has engaged in a defamatory scheme that has "destroy[ed] [Plaintiff's] reputation and [her] property." (Doc. 1-1 at 3). She details an instance when a store "asked her to check her han[d] bag" and another time when someone

2

followed her around. (*Id.* at 3–5). She also describes difficulties obtaining a permanent driver's license and other services. (*Id.* at 5–6). She blames COTA for these experiences. (*Id.* at 3–8). She seemingly seeks for the Court to intervene in some way, although her particular requested relief is unclear. (*Id.* at 4).

Ultimately, Plaintiff fails to state a claim upon which relief can be granted. On her civil cover sheet, she indicated the nature of this suit is "civil rights" and "assault, libel, & slander." (Doc. 1-2). As to the first, Plaintiff has not alleged any specific civil rights COTA is meant to have violated. Indeed, the complaint is vague as to how COTA is connected to these events at all. Therefore, Plaintiff has failed to allege a federal civil rights violation with the requisite factual specificity. As to the second, Plaintiff's state law defamation claim, the Court lacks proper jurisdiction. Plaintiff has alleged that both she and COTA have Ohio citizenship. (Doc. 1-1 at 1–2). So, complete diversity as required by 28 U.S.C. § 1332(a) does not exist. Further, Plaintiff does not allege an amount in controversy exceeding $75,000 that would allow these claims to be heard in federal court. 28 U.S.C. §1332(a); *see Hunter v. Taylor,* No. 2:15-CV-2607, 2015 WL 6506625 (S.D. Ohio Oct. 28, 2015) (adopting a magistrate judge's decision that the court lacked subject matter jurisdiction when a plaintiff's complaint failed to meet the amount in controversy requirement). Therefore, the Court lacks diversity jurisdiction over this action.

Even construing Plaintiff's Complaint liberally, she alleges no other basis for federal jurisdiction. And the Court need not delve into every potential federal law Plaintiff could invoke. To do so, and to subsequently allow Plaintiff's claims to proceed, would be to "conjure allegations" on her behalf. *Martin*, 391 F.3d at 714. Accordingly, Plaintiff's Complaint should be dismissed.

3

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED.** Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: July 24, 2024  /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE