**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROLE FLORANCE PREVOST,** | : | **Case No. 2:24-cv-3720** |
| | : | |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **CENTRAL OHIO TRANSIT** | : | |
| **AUTHORITY,** | : | |
| | : | |
| **Defendant.** | : | |

**Opinion & Order**

This matter is before this Court on Plaintiff Carole Prevost's Objection (ECF No. 5) to Magistrate Judge's July 24, 2024, Order and Report and Recommendation (R&R) (ECF No. 4). For the reasons stated below, the R&R (ECF No. 4) is **ADOPTED**. Accordingly, Ms. Prevost's Objection (ECF No. 5) is **OVERRULED**.

**I. Background**

Ms. Prevost proceeding in *forma pauperis* and *pro se* brought suit against the Central Ohio Transit Authority ("COTA") on July 18, 2024, alleging that COTA has committed tortious acts of "assault, libel, & slander" and has violated her "civil rights" as indicated on the Civil Cover Sheet. (ECF No. 1-2 at 1).

On July 24, 2024, Ms. Prevost filed her *pro se* complaint in which she claims that COTA has devised a defamatory plan that has "destroy[ed] [Plaintiff's] reputation and [her] property." (ECF No. 3 at 3). She has based these allegations on the actions performed by COTA themselves or individuals "led by COTA." (*Id.*). Although her requested relief sought is seemingly vague, she appears to be requesting intervention from this Court.

1

The Magistrate Judge issued her report on July 24, 2024, responding to Ms. Prevost's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 5 at 1). The Magistrate Judge granted Ms. Prevost's request to proceed *in forma pauperis* and further recommended this Court to dismiss Ms. Prevost's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 4).

On August 7, 2024, Ms. Prevost timely filed an objection to the R&R indicating that she has stated a claim which relief can be granted under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). (ECF No. 5). Further, she has indicated the Court has subject matter jurisdiction due to the federal questions involved in each cause of action. (ECF No. 5).

## II. Standard of Review

When reviewing a party's objections to a Report and Recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Upon review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3).

When a plaintiff proceeds in *forma pauperis*, "the court shall dismiss" their complaint or any portion of it that; "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading

essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III. Law and Analysis

In her objections, Ms. Prevost urges this Court to find her causes of action against COTA for "assault, libel, and slander" and "civil rights" violations sufficient to state a claim for which relief may be granted. (ECF No. 5). As described in her Complaint, she again emphasizes her claim of COTA "stalking" and "making [her] life impossible for living" in her objections. (ECF No. 3; ECF No. 5 at 1). Ms. Prevost describes her inability to obtain a job. (ECF No. 5 at 1-2). She also describes an instance when she someone followed her around in a store and accused her as a thief. (ECF No. 5 at 2). Essentially, Ms. Prevost blames COTA for these occurrences.

Nonetheless, Ms. Prevost fails to state a claim upon which relief can be granted. On her Civil Cover Sheet, she indicated the nature of the suit is "civil rights" and "assault, libel, & slander." (ECF No. 1-2 at 1). As to the former, Ms. Prevost has not alleged any specific civil rights COTA has violated and was vague in both her complaint and objections as to how COTA is involved in the instances described. Thus, this Court finds the Plaintiff has failed to allege a federal civil rights violation. In this finding, this Court does not have proper subject matter jurisdiction under a federal question. *See* 28 U.S.C. § 1331.

As to Ms. Prevost's state law defamation claim, this Court lacks proper jurisdiction. To bring a state law claim into federal court, Ms. Prevost must establish diversity jurisdiction or supplemental jurisdiction. First, there is no diversity of citizenship of both the parties as Prevost alleged that both herself and COTA have Ohio citizenship. (ECF No. 1-1 at 1-2). Further, Ms. Prevost does not allege an amount in controversy exceeding $75,000.00 to allow these claims to

be heard in federal court. Thus, this Court lacks diversity jurisdiction over this cause of action. As for supplemental jurisdiction, Ms. Prevost failed to state a federal claim and therefore is not entitled to supplemental jurisdiction. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012) ("Having concluded that the FLSA claim was not viable, the district court did not address the arguments with respect to Calamunci's status as an employer and dismissed the state-law claims without prejudice because it decided it "lack [ed] a basis to exercise subject matter jurisdiction" over the state-law claims.") (citations omitted).

In her objection, Ms. Prevost fails to provide additional support to find subject matter jurisdiction either under federal question, diversity jurisdiction, or supplemental jurisdiction. Therefore, this Court lacks subject matter jurisdiction. *See* 28 U.S.C. §§ 1331; 1332; 1367.

### IV. Conclusion

For the reasons set forth above, Ms. Prevost's Objections to the Magistrate Judge's Order and Report and Recommendation (ECF No. 5) are **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Order and Report and Recommendation. (ECF No. 4). This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 7, 2026**